UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL TKLEMARIAM HAGOS ,

                    Plaintiff,

        v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS,

CASE NO. 2:24-cv-00293-JNW

**REPORT AND
RECOMMENDATION**

Plaintiff, Daniel Teklemariam Hagos, filed a *pro se* 42 U.S.C. § 1983 complaint naming as the sole Defendant the Washington State Department of Corrections (DOC). Dkt.__ .

Plaintiff seeks to proceed *in forma pauperis* (IFP) and the Court is thus required to screen the complaint to ensure it states a claim upon which relief may be granted, names Defendants who are not immune from suit, and that the action is not frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding the screening provisions of § 1915(e) apply to both prisoners and nonprisoners).

The complaint names one Defendant: the DOC. A state agency and state officials acting in their official capacity are not persons who can be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). This means that a plaintiff has no cause of action against a state agency under § 1983.

REPORT AND RECOMMENDATION - 1

*Maldonado*, 370 F.3d at 951. The State of Washington has not waived its Eleventh Amendment immunity. *Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982); RCW 4.92.010. Plaintiff accordingly cannot assert a claim under § 1983 against DOC, and his complaint should be dismissed.

Additionally, the present complaint fails to state a claim and is duplicative of earlier suits Plaintiff has filed. The present complaint alleges Plaintiff was incarcerated at SCORE jail after being arrested on a DOC warrant; mentions violations of the PREA at SCORE; Plaintiff has sued DOC employee Victor Tuli in the past; there is a Eugenics Sterilization Compensation Program under Virginia State law; asks Victor Tuli be arrested and prosecuted; and also that Plaintiff be awarded money damages.  These allegations are conclusory at best and fail to set forth sufficient facts to state a claim. As the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) indicated, labels and conclusions, lacking factual enhancement are insufficient. Further the factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The present complaint is also duplicative of the complaint filed in *Hagos v. Goodwill, et al.* 2:23-cv-01700-RSL (dismissed January 8, 2024). In *Hagos v. Goodwill,* Plaintiff also alleged he was improperly arrested in response to a DOC warrant; the arresting officers and jail officers violated the PREA; he was illegally detained; and Victor Tuli violated his rights.

In screening complaints, the Court is required to dismiss those that are frivolous. *See* 28 U.S.C. § 1915A. The statute does not define "frivolous or malicious," but courts have uniformly agreed that, at a minimum, a malicious lawsuit is one that is duplicative of another federal lawsuit involving the same plaintiff and defendant. *See, e.g., McWilliams v. Colorado*, 121 F.3d 573 (10th Cir. 1997) (affirming dismissal of § 1983 complaint as frivolous where it duplicated a

1    prior federal lawsuit); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (affirming

2    dismissal of duplicative complaint under pre–PLRA version of 28 U.S.C. § 1915(e)); *Murillo v.*

3    *Taylor*, 2015 WL4488060, at *15–16 (S.D. Cal. July 22, 2015); *Meadows v. Woods*, 156 F.R.D.

4    165, 166 (W.D. Tenn 1994) (dismissing complaint as frivolous under pre-PLRA version of 28

5    U.S.C. § 1915(e)); *Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th

6    Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the

7    same subject matter at the same time in the same court against the same defendant.").

8         Here Plaintiff seeks to have Victor Tuli arrested and prosecuted and also alleges he was

9    improperly arrested and detained, and that his rights under the PREA were violated at SCORE.

10   Mr. Tuli is the same defendant named in the action dismissed in *Hagos v. Goodwill, et al.* 2:23-

11   cv-01700-RSL.

12        For the foregoing reasons, the Court recommends this matter be dismissed. The Court

13   recommends leave to amend not be granted because this action is duplicative of earlier lawsuits

14   and because no amendment can cure the fact the DOC cannot be sued under § 1983.

15                                **OBJECTIONS AND APPEAL**

16        This Report and Recommendation is not an appealable order.  Therefore, a notice of

17   appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

18   assigned District Judge enters a judgment in the case.

19        Objections, however, may be filed no later than **March 27, 2024.**  The Clerk shall note

20   the matter for **March 29, 2024**, as ready for the District Judge's consideration. The failure to

21   timely object may affect the right to appeal.

22

23

REPORT AND RECOMMENDATION - 3

DATED this 12th day of March, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge